# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 2011-001** |
| | ) | |
| | ) | |
| **MIGUEL ANGEL PASCUAL-PICHARDO,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorneys:**
**Alphonso Andrews, Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
        *For the United States*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
        *For the Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Miguel Angel Pascual-Pichardo's "Motion for Continuance" (Dkt. No. 240), which seeks to continue the trial scheduled in this matter for December 2, 2013. The grounds for the Motion are that Defendant needs additional time so that his recently retained expert can analyze the GPS coordinates provided by the Government for purposes of identifying the specific route taken by the vehicle that Defendant was driving at the time of his arrest.  The Government opposes the Motion. (Dkt. No. 242).

Attached to the motion are two emails from the GPS expert with whom Defendant's counsel has consulted – one from November 25, 2013 and one from today, November 27, 2013 – indicating that the expert needs more GPS information from the Government and time to evaluate it.  Specifically, the expert indicated in his first email that:

[A]ll the values in the column labeled "Date" are marked as "########". These values should be the GPS time stamp, and if so will be at a resolution of one second or better (probably much better). In order to determine travel times, how much time spent at a particular location, etc., we will need the time stamps.

The "########" character string is the format Microsoft Excel uses when the information overflows the space available in a cell. If that data came from Microsoft Excel, it would be extremely helpful to get the Excel file. Regardless, the GPS device should provide the time stamp and coordinates in a format that can be readily imported into GIS (mapping) software. If it could be made available in a format that is called a "KML" file, which is a file that will import directly into GIS software, that would be ideal. Most modern GPS devices produce this format.

(Dkt. No. 240-1).

In his second email, the expert states that "the information we need is not just the GPS coordinates, but the time stamp information from the GPS device. . . . Without that information, we are incapable of determining the temporal history of the motion of the vehicle in question."

(Dkt. No. 240-2).[1]

Defendant offers the following explanation for how he will utilize the GPS information:

The information is not only relevant to defendant's theory that he never drove to the Estate Whim stash house as testified by SA Lebron Aponte. According to discussion with Mr. Williams [the GPS expert], the information will show within 30 feet or less, depending on the GPS system itself, where the vehicle actually stopped in Sunny Isle Shopping Center and for how long. Mr. Williams also indicated that in most instances, the GPS is more accurate and can pinpoint the exact location of the vehicle at a given time.

The expert information is important to the case in light of the other evidence showing that when the vehicle was stopped the vehicle was traveling in an opposite direction from where the agents expected to go, Defendant's suit case was on top of the bags of contraband, defendant allegedly gave officers permission to search the vehicle, defendant was surprised, and least [sic] reacted in shock to learn that contraband was in the vehicle, thus evidencing lack of knowledge of the content of the vehicle. The information will also be used to impeach and discredit the testimony of the case agent, SA Lebron Aponte, who was the only individual testifying to seeing Defendant operating the vehicle at the

---

[1] There is, unquestionably, a disagreement between the Defendant and the Government regarding what the GPS information provided by the Government shows. *Compare* Dkt. No. 242 at 1-2. The Court cannot resolve that disagreement on the existing record.

stash house, while SA Aponte was in the surveillance van with at least four other agents with cameras and other surveillance devices, who did not see defendant at the stash house.

(Dkt. No. 240 at ¶¶ 13–14).[2]

The Court will grant Defendant's Motion, but it does so with great reluctance. The Government disclosed these coordinate logs to Defendant in June 2013. In a July 8, 2013 Memorandum Opinion regarding the GPS material, the Court noted: "[I]f necessary, Defendant has ample time before the December 2, 2013 retrial of this matter within which to retain an expert to evaluate the information disclosed to him by the United States and prepare his defense." (Dkt. No. 203 at 2). Notwithstanding this obvious indication by the Court that it expected Defendant to be ready for trial on December 2, 2013, the Court was informed by Defendant's counsel at the Pretrial Conference in this matter on November 26, 2013 – two business days before trial was scheduled to commence – that Defendant intended to move to continue the trial because of unfinished business involving the GPS issue. If additional information is needed to conduct the analysis and the logs are available in different formats – as now indicated by Defendant's recently retained expert – Defendant's counsel had ample time between June 2013 when he received the documentation from the Government and now to retain an expert and get this matter resolved without delaying the scheduled December 2, 2013 trial.

The Court is troubled by yet another delay in proceeding with the retrial of this matter, and is also mindful of the waste of resources, as expressed by the Government, that Defendant's last-minute Motion has caused. Nonetheless, the Court will exercise its discretion to grant the Motion for Continuance and afford Defendant additional time to address the outstanding matter regarding the expert information and analysis.

---

[2]  The Government disputes the utility of the information that Defendant seeks to provide through his expert. (Dkt. No. 242 at 2). While its ultimate utility is left to be seen, at this stage and in view of Defendant's theory of the case, the information is at least relevant.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Defendant's "Motion for Continuance" (Dkt. No. 240) is **GRANTED**; and it is further

**ORDERED** that the trial in this matter is **CONTINUED** pending further Order of the Court; and it is further

**ORDERED** that the parties shall promptly resolve the issue regarding the additional information requested by Defendant's expert, or promptly bring any unresolved issue before the Court for resolution; and it is further

**ORDERED** that the parties shall provide the Court with a joint report regarding the status of the additional information requested by Defendant's expert no later than **December 4, 2013**.

**SO ORDERED.**

Date: November 27, 2013

_____/s/_____
WILMA A. LEWIS
Chief Judge